UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 04 2011
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

Craig L. Harvey,
      Plaintiff,

vs.

Enhanced Recovery Company, LLC,
      Defendant.

1 : 11 -cv- 0328 RLY -MJD

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

**Introduction**

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

**Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as the actions giving rise to this complaint occurred here.

**Parties**

4. Plaintiff Craig L. Harvey, is a resident of the full age of majority, domiciled in the City of Indianapolis, Marion County, Indiana.

5. Defendant in this case, Enhanced Recovery Company, LLC (hereinafter referred to as "ERC"), is a "debt collector" as that term is defined by the FDCPA because it regularly uses the mails and/or telephone to collect, or attempt to collect,

delinquent consumer debts, and is attempting to collect a debt from Plaintiff. ERC is a corporation organized under the laws of the State of Delaware whose principal business address is 8014 Bayberry Road, Jacksonville, FL 32256, and is licensed to do business in Indiana.

### Factual Allegations

6. ERC is a debt collection agency attempting to collect a debt from Plaintiff.

7. On April 24, 2010, Plaintiff filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code under case number 10-06056-JKC.

8. ERC was included on schedule F as an unsecured creditor.

9. On May 1, 2010, notice of Plaintiff's bankruptcy filing was sent to ERC by the Bankruptcy Noticing Center via first class mail. Included in the bankruptcy notice was information stating Plaintiff was represented by counsel and provided the contact information for Plaintiff's counsel.

10. Plaintiff alleges upon information and belief that the notice mailed by the Bankruptcy Court included the following warning to all creditors: "**CREDITORS MAY NOT TAKE CERTAIN ACTIONS:** The filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be **penalized**."

11. On August 18, 2010, Plaintiff received a discharge in Bankruptcy.

12. Notice of Plaintiff's discharge was sent to Defendant by the Bankruptcy Noticing Center on August 20, 2010 via first class mail.

13. Despite being informed of Plaintiffs bankruptcy, ERC, on behalf of AT&T, mailed a letter to Plaintiff dated February 10, 2011, in an attempt to collect on a debt discharged in the bankruptcy.

## Count I

### Violation of §1692e of the FDCPA

14. The allegations of Paragraphs 1 through 13 of the complaint are realleged and incorporated herein by reference.

15. Defendant violated the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by contacting the Plaintiff by letter to collect on a debt that the bankruptcy had legally enjoined any party from collecting on.

16. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

## Count II

### Violation of §1692c of the FDCPA

17. The allegations of Paragraphs 1 through 16 of the complaint are realleged and incorporated herein by reference.

18. Defendant violated §1692c(a)(2) of the FDCPA by communicating with a consumer in regards to a debt when the debt collector knew the consumer to be represented by an attorney in regards to that debt.

19. Defendant knew that Plaintiff was represented by counsel in connection with this debt because Defendant had been informed by the bankruptcy court notice that Plaintiff was represented by counsel.

20. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

### Count III

### Violation of §1692d of the FDCPA

21. The allegations of Paragraphs 1 through 20 of the complaint are realleged and incorporated herein by reference.

22. Defendant violated the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, pursuant to 15 U.S.C. § 1692d by sending a letter to a person known to be in bankruptcy as an attempt to collect on a debt included in that bankruptcy.

23. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, having set forth his claims for relief against Defendant, respectfully prays the Court as follows:

1. That Plaintiff has and recover against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recover against Defendant a sum to be determined in the form of statutory damages;

3. That Plaintiff has and recover against Defendant all reasonable legal fees and expenses incurred by the attorney;

4. That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East St., Ste. E-1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320


_____
Allison M. Wolfe
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East St., Ste. E-1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320

5